IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GILBERTO AGUILAR-BELTRAN,<br><br>Defendant. | 8:21-CR-223<br><br>MEMORANDUM AND ORDER ON CRIMINAL FORFEITURE |

This matter is before the Court to rule on a contested issue of criminal forfeiture. The property at issue is $6,640.00 in United States currency seized from defendant Gilberto Aguilar-Beltran's residence. Filing 56 at 2. For the reasons stated herein, the Court concludes that this property is forfeitable as proceeds of Aguilar-Beltran's illegal drug-distribution offenses.

On January 24, 2023, a criminal trial began on conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine charges against Aguilar-Beltran. Filing 88 (Text Minute Entry). At trial, Detective Justin Rudloff of the Omaha Police Department testified that, pursuant to an ongoing investigation into the distribution of narcotics, he conducted trash pulls outside of Aguilar-Beltran's residence. The trash pulls recovered FoodSaver heat-sealed bags containing methamphetamine residue as well as other evidence of drug-distribution activity. After obtaining a search warrant, Detective Rudloff and other law enforcement officers searched Aguilar-Beltran's residence. During the search, officers entered Aguilar-Beltran's bedroom. In the bedroom, officers located 17 grams of methamphetamine in a nightstand. While looking in the bedroom dresser, officers discovered Saran Wrap, a digital scale, a baggie with 351 grams of methamphetamine, and $6,640.00 in United States currency.

Further evidence at trial showed that Aguilar-Beltran wired proceeds of drug distributions to Mexico from an individual who had transported methamphetamine from Arizona to Omaha. Aguilar-Beltran's coconspirators also testified about driving a white Saturn to Aguilar-Beltran's garage and unloading methamphetamine from a hidden compartment. Aguilar-Beltran was at home when his coconspirators were unloading methamphetamine. According to the coconspirators, they would make one to two trips a month from Arizona to Nebraska to import methamphetamine to Omaha. Each trip involved around fifty pounds of methamphetamine.

On January 27, 2023, the jury returned a verdict of guilty on both drug-distribution charges. Both parties had previously stipulated to the Court ruling on the forfeitability of the cash found in Aguilar-Beltran's dresser.[1]

Criminal forfeiture "is an element of the sentence imposed following conviction or . . . a plea of guilty . . . .". *Libretti v. United States*, 516 U.S. 29, 38–39 (1995). Both Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 govern criminal forfeiture for drug offenses. Under Criminal Rule of Procedure 32.2, a court must determine the forfeitability of property "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought . . . .". Fed. R. Crim. P. 32.2(b)(1)(A). When the Government seeks to forfeit specific property, it must establish, by a preponderance of the evidence, "the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A); *see United States v. Bieri,* 21 F.3d 819, 822 (8th Cir. 1994) (adopting the preponderance of the evidence standard for criminal forfeiture cases under 21 U.S.C. § 853). The "requisite nexus" in drug-distribution cases requires the

---

[1] After a precise discussion of the issue at the pretrial conference on the record, both parties made clear that neither party requested a hearing on the criminal forfeiture issue, so the Court did not hold a hearing. *See* Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Vanosdoll*, 532 F. App'x 647 (8th Cir. 2013) ("[A]s neither party requested a [criminal forfeiture] hearing, none was necessary.").

Government "to establish by a preponderance of the evidence that the [property] (1) constituted or derived from proceeds [the defendant] obtained, directly or indirectly, as a result of [his] drug-related offenses, or (2) was used or intended to be used in any manner to commit or to facilitate drug-related offenses." *United States v. Sheley*, 998 F.3d 349, 351 (8th Cir. 2021) (citing 21 U.S.C. § 853(a)(1)–(2)). In determining whether property is subject to forfeiture, a court "consider[s] the totality of the circumstances, applying common sense considerations." *United States v. $48,100.00 in U.S. Currency*, 756 F.3d 650, 653 (8th Cir. 2014). When the Government seeks forfeiture of property as proceeds of a drug-distribution offense, it does not need to prove that the proceeds are "linked to any particular drug transaction," *id.*, but the proceeds must still "be traceable to the offense." *United States v. Tolliver*, 949 F.3d 244, 249 (6th Cir. 2020).

The Court concludes that the Government has proven, by a preponderance of the evidence, that the $6,640.00 in United States currency is forfeitable. The cash was found in a dresser that contained drug packaging and distribution materials, a substantial quantity of methamphetamine, and Aguilar-Beltran's driver's license. Both the fact that Aguilar-Beltran possessed a significant amount of bulk currency, located near a large quantity of methamphetamine and drug packaging and distribution materials, is strong evidence connecting the currency to Aguilar-Beltran's drug-trafficking offenses. *See United States v. $63,530.00 in U.S. Currency*, 781 F.3d 949, 955 (8th Cir. 2015) ("Possession of large amounts of currency provides strong evidence of a connection between the currency and drug activity."); *United States v. Gensley*, 859 F. App'x 10, 11 (8th Cir. 2021) (holding that $4,300 in cash was forfeitable as proceeds when, *inter alia*, it was found hidden alongside narcotics and drug paraphernalia).

As the jury found, Aguilar-Beltran was involved trafficking narcotics. Aguilar-Beltran's drug distribution offenses provide the best explanation for why he had $6,640.00 in cash in a

dresser located along with evidence of drug dealing. Therefore, the Court concludes that the $6,640.00 is forfeitable as proceeds of Aguilar-Beltran's drug-distribution offenses. Accordingly,

IT IS ORDERED:

1. The $6,640.00 found in the defendant's residence is subject to forfeiture;

2. The Court will enter a preliminary order of forfeiture;

3. The parties shall have fourteen (14) days from the date of this Order to suggest revisions or modifications to the preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(B).

Dated this 1st day of February, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge